Of Counsel:

BAYS LUNG ROSE & HOLMA

DAVID R. MAJOR                9194-0
dmajor@legalhawaii.com
Attorney at Law
A Law Corporation
GRANT FASI ALLISON           10368-0
gallison@legalhawaii.com
Topa Financial Center
700 Bishop Street, Suite 900
Honolulu, Hawaii  96813
Telephone:  (808) 523-9000
Facsimile:  (808) 533-4184

Attorneys for Defendant
ASSOCIATION OF APARTMENT
OWNERS OF PEARL RIDGE GARDENS
AND PEARL RIDGE TOWERS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MARIA T. MCCLINTOCK, | ) | CIVIL NO. 19-00465-LEK-RT |
| | ) | (Wrongful Foreclosure) |
| Plaintiff, | ) | |
| | ) | ASSOCIATION OF APARTMENT |
| vs. | ) | OWNERS OF PEARL RIDGE |
| | ) | GARDENS AND PEARL RIDGE |
| ASSOCIATION OF APARTMENT | ) | TOWERS' **ANSWER** TO |
| OWNERS OF PEARL RIDGE | ) | COMPLAINT FILED SEPTEMBER |
| GARDENS AND PEARL RIDGE | ) | 11, 2019; **CROSS-CLAIM** AGAINST |
| TOWERS, by and through Its Board of | ) | KAPONO F. H. KIAKONA and |
| Directors, KAPONO F.H. KIAKONA, | ) | PORTER MCGUIRE KIAKONA & |
| and PORTER MCGUIRE KIAKONA & | ) | CHOW, LLP; CERTIFICATE OF |
| CHOW | ) | SERVICE |
| | ) | *(caption continued on next page)* |

876687.1

Defendants. )
) Judge:  Hon. Leslie E. Kobayashi
)
) No Trial Date Set
_____ )

ASSOCIATION OF APARTMENT OWNERS OF PEARL RIDGE
GARDENS AND PEARL RIDGE TOWERS' ANSWER TO
COMPLAINT FILED SEPTEMBER 11, 2019

Defendant ASSOCIATION OF APARTMENT OWNERS OF PEARL

RIDGE GARDENS AND PEARL RIDGE TOWERS  ("Defendant" or

"Association"), by and through their attorneys, Bays Lung Rose & Holma, hereby

answer Plaintiff MARIA T. MCCLINTOCK's ("Plaintiff") Complaint, filed

September 11, 2019 ("Complaint"), as follows:

FIRST DEFENSE

1.      The Complaint fails to state a claim upon which relief can be

granted.

SECOND DEFENSE

2.      Defendant denies the allegations contained in paragraphs 15,

16, 17, 18, 19, 21, 22, 24, 26, 27, 30, 31, 32 of the Complaint.

3.      Defendant is without knowledge or information sufficient to

form a belief as to the truth of the allegations contained in paragraphs 2, 3, 4, 5, 7,

20, 25, 33, 34,  of the Complaint and therefore denies the same.

4.      Defendant admits the allegations contained in paragraph  6 of

2

the Complaint.

5.      With respect to the allegations contained in paragraph 29,  this paragraph does not call for or require an admission or denial, but to the extent this paragraph does require an admission or denial, Defendant denies the allegations contained therein.

6.      With respect to paragraph 1, Defendant admits that the Attorneys sold Plaintiff's condominium apartment at public sale, and Defendant denies all remaining allegations stated in this paragraph.

7.      With respect to paragraph 12, Defendant admits that it engaged the Attorneys as independent contractors and relied on Attorneys as a reasonable person would do in similar circumstances, and Defendant denies all remaining allegations stated in those paragraphs.

8.      With respect to paragraphs 13 and 14, Defendant admits that as independent contractors for Defendant, the Attorneys made decisions and conducted certain actions based on their own experience and expertise, and Defendant denies all remaining allegations stated in this paragraph.

9.      With respect to the allegations contained in paragraph 8, 9, 10, 11, Defendant states that the laws, statutes, legal terms and definitions, and Court decisions referenced therein speak for themselves, and Defendants deny the allegations in these paragraphs on that basis.

10.    With respect to paragraphs A, B, C, D, E under the heading "WHEREFORE, MCCLINTOCK prays for a judgment in her favor:", these paragraphs do not call for or require an admission or denial, but to the extent these paragraphs do require an admission or denial, Defendant denies the allegations contained therein.

11.    With respect to allegations in paragraphs 23 and 28 Defendant repeats and realleges paragraphs 1 through 10 of this Answer, and incorporates them herein by reference.

12.    Defendant denies each and every allegation contained in the Complaint which is not expressly admitted herein.

<u>THIRD DEFENSE</u>

13.    The Complaint fails to present a justiciable controversy between Plaintiff and Defendant.

<u>FOURTH DEFENSE</u>

14.    Defendant met or exceeded the requirements of all applicable laws, regulations, and standards of care.

<u>FIFTH DEFENSE</u>

15.    Plaintiff is barred from maintaining this action against Defendants because Plaintiff has suffered no damages and/or the claims asserted in the Complaint are not ripe and/or are moot.

4

## SIXTH DEFENSE

16.     Plaintiff is barred from maintaining this action against Defendant by reason of Plaintiff's own negligence or wrongful conduct that caused the injuries alleged by Plaintiff.

## SEVENTH DEFENSE

17.     Plaintiff's recovery in this action, if any, should be reduced in accordance with Hawaii Revised Statutes § 663-31.

## EIGHTH DEFENSE

18.     Plaintiffs are barred from maintaining this action against the Association based upon the doctrines of laches, waiver, and unclean hands.

## NINTH DEFENSE

19.     Plaintiff is barred from maintaining this action against Defendant because Defendant's actions were taken with Plaintiff's consent.

## TENTH DEFENSE

20.     Plaintiff is barred from maintaining this action against Defendant based upon the applicable statute of limitations.

## ELEVENTH DEFENSE

21.     Plaintiff is barred from maintaining this action against Defendants by reason of Plaintiff's release or waiver of the claims upon which the action is based and/or Plaintiff's assumption of any risk.

5

876687.1

<u>TWELFTH DEFENSE</u>

22.     Plaintiff's claims against the Defendant are barred by the advice of counsel defense and/or the business judgment rule.

<u>THIRTEENTH DEFENSE</u>

23.     Plaintiff claims against the Defendant are barred by the independent contractor rule.

<u>FOURTEENTH DEFENSE</u>

24.     Plaintiff's injuries, if any, were the legal and proximate result of superseding and intervening acts or omissions by persons or entities other than the Defendant, for whom or which the Defendant is not liable.

<u>FIFTEENTH DEFENSE</u>

25.     Plaintiff is barred from maintaining this action because the Association was privileged to take the actions upon which Plaintiffs' Third Amended Complaint is based.

<u>SIXTEENTH DEFENSE</u>

26.     Plaintiff fails to state a claim against the Defendant in that Plaintiff fails to allege that Plaintiff complied with all of the terms and conditions of the contract upon which the action is based or that Defendant materially breached the contract.

876687.1

<u>SEVENTEENTH DEFENSE</u>

27.    The Defendant did not breach any legal duty to Plaintiff.

<u>EIGHTEENTH DEFENSE</u>

28.    In addition to the above defenses, Defendants presently have insufficient knowledge or information regarding whether Defendants have additional affirmative defenses, and therefore reserve their right to assert additional defenses when they are discovered and/or confirmed.

WHEREFORE, Defendant prays for the following relief:

A.    That the Complaint be dismissed in its entirety with prejudice;

B.    That Plaintiff takes nothing;

C.    That Defendant be awarded its reasonable attorneys' fees, costs, and expenses; and

D.    That the Court award such other and further equitable and legal relief as it deems just and proper under the circumstances.

DATED:  Honolulu, Hawaii, July 21, 2020.


/s/ Grant Fasi Allison
DAVID R. MAJOR
GRANT FASI ALLISON

Attorneys for Defendant
ASSOCIATION OF APARTMENT
OWNERS OF PEARL RIDGE GARDENS
AND PEARL RIDGE TOWERS

7

876687.1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MARIA T. MCCLINTOCK, | ) | CIVIL NO. 19-00465-LEK-RT |
| | ) | (Wrongful Foreclosure) |
| Plaintiff, | ) | |
| | ) | CROSS-CLAIM AGAINST |
| vs. | ) | KAPONO F. H. KIAKONA and |
| | ) | PORTER MCGUIRE KIAKONA & |
| ASSOCIATION OF APARTMENT | ) | CHOW, LLP |
| OWNERS OF PEARL RIDGE | ) | |
| GARDENS AND PEARL RIDGE | ) | |
| TOWERS, by and through Its Board of | ) | |
| Directors, KAPONO F.H. KIAKONA, | ) | |
| and PORTER MCGUIRE KIAKONA & | ) | |
| CHOW | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

CROSS-CLAIM AGAINST KAPONO F. H. KIAKONA
and PORTER MCGUIRE KIAKONA & CHOW, LLP

Defendant ASSOCIATION OF APARTMENT OWNERS OF

PEARL RIDGE GARDENS AND PEARL RIDGE TOWERS ("Association"), by

and through its attorneys, Bays Lung Rose & Holma, hereby submits its Cross-

claim against Defendants KAPONO F. H. KIAKONA and PORTER MCGUIRE

KIAKONA & CHOW, LLP (collectively "Attorney"), and hereby alleges as

follows:

876687.1

## THE PARTIES

1.      The ASSOCIATION OF APARTMENT OWNERS OF

PEARL RIDGE GARDENS AND PEARL RIDGE TOWERS ("Association") is a

non-profit entity organized under Hawaii Revised Statutes ("HRS") Chapters 514A

and 514B and operates for the purpose of managing the Pearl Ridge Gardens &

Towers condominium project ("Project").

2.      Defendant KAPONO F. H. KIAKONA is and was, at all

relevant times, a citizen of the State of Hawaii and an attorney licensed to practice

law in the State of Hawaii.

3.      Defendant PORTER MCGUIRE KIAKONA & CHOW, LLP is

and was, at all relevant times, a law partnership organized under the laws of the

State of Hawaii.

4.      Defendants KAPONO F. H. KIAKONA and PORTER

MCGUIRE KIAKONA & CHOW, LLP are collectively referred to as "Attorney."

## JURISDICTION AND VENUE

5.      The Court has jurisdiction over this matter under 28 U.S.C. §

1367 because the claims are so related to the claims in the underlying action and

because the Court has proper jurisdiction over those claims.

6.      Venue properly lies in this Court under 28 U.S.C. § 1391

because the Attorney's acts or omissions giving rise to the Association's cross-

2

876687.1

claims occurred within this district, the contract that is the subject of this action was negotiated in this District, and the property that is the subject of the underlying action is located in this District.

## **FACTUAL ALLEGATIONS**

7.     The Plaintiff in the underlying lawsuit is Maria T. McClintock ("Plaintiff").

8.     On September 11, 2019, Plaintiff commenced this action by filing the Complaint.

9.     The Complaint arises from factual allegations related to Plaintiff's purchase of a condominium unit and the subsequent nonjudicial foreclosure on the same condominium unit.

10.     Upon information and belief, on or around November 15, 2004, Plaintiff purchased Unit No. 5-311 (the "Unit") in the Project.

11.     At certain times after purchasing the Unit, Plaintiff failed to stay current on her financial obligations with respect to the Unit.

12.     Plaintiff fell behind and owed to the Association monthly dues and assessments for the Unit (the "Delinquency").

13.     As of April 2011, the Association had engaged Attorney to provide professional services to the Association based on Attorney's represented

qualifications and expertise, including, but not limited to, with respect to collection procedures.

14.     Attorney accepted the engagement and formed an attorney-client relationship with the Association.

15.     As a result of the Delinquency, the Association referred the matter to Attorney based entirely on Attorney's representations regarding the appropriate collection methods.

16.     Attorney prepared and filed a notice of lien for unpaid assessments against the Unit.  The Association did not substantively draft or prepare any documentation related to the same.

17.     Although the Association engaged Attorney to provide legal consulting with respect the Unit and Plaintiff's Delinquency, at no time did Attorney become an employee of the Association.

18.     Instead, Attorney was always free from any control or direction of the Association over the performance of the legal services rendered for the method of collection.

19.     During the course of this representation, Attorney advised that Attorney would be using a "nonjudicial foreclosure" as the sole collection method for the Unit under HRS Chapters 667, 514A, and/or 514B.

4

20.     Based on Attorney's professional and legal advice and recommendations, the Attorney did the following things as part of the engagement with the Association:

a.     In or around April 2011, the Attorney recorded a lien on the Unit for the Delinquency;

b.     On or about April 14, 2011, the Attorney conducted a public sale of the Unit pursuant to HRS Chapters 667 and 514B;

c.     The Attorney processed and submitted the winning bid for the Unit at the public sale for the Association; and

d.     The Attorney drafted documents reflecting that the Association obtained title to the Unit via a quitclaim deed that was recorded on or around May 5, 2011.

21.     Attorney prepared, submitted, and filed all documents related to the Part I non-judicial foreclosure of the Unit that Attorney represented were required or related to the lien, nonjudicial foreclosure, and transaction of the Unit that resulted in the Association's current ownership of the Unit.

22.     Attorney acted negligently, with reckless disregard, or intentionally when it failed to properly advise the Association and/or warn prior to the commencement of the non-judicial foreclosure on the Unit as follows:

a.      That the Association did not have a valid power of sale with the Plaintiff and for the Unit;

b.      That the Association did not have a contractual power of sale with the Plaintiff and for the Unit;

c.      That the Association did not hold a mortgage with a power of sale;

d.      Of the risks associated with executing a nonjudicial foreclosure of the Unit under HRS Chapter 667;

e.      That there was no statutory grant of power of sale to the Association under HRS Chapters 667, 514A, 514B, or any other Hawaii law or statute;

f.      That in order to lawfully conduct a nonjudicial foreclosure under Hawaii law for the Unit, the Association must have had a valid contractual power of sale or mortgage with the Plaintiff for the Unit;

g.      That no such power of sale is in the Association's bylaws or other governing documents; and

h.      If the Association conducted a nonjudicial foreclosure of the Unit, the Association could be sued by Plaintiff or found liable to Plaintiff for claims related to and/or arising from the nonjudicial foreclosure, including but not

876687.1

limited to damages, return of the property, and/or other such relief as this Court may award.

23.     Attorney also failed to research and/or warn the Association of the laws and/or judicial opinions from other jurisdictions in order to advise the Association of the above-stated risks.

24.     Attorney represented, without caution, that non-judicial foreclosure was the appropriate collection method because it resulted in Attorney's own financial gain and to the detriment of the Association.

25.     In response to the nonjudicial foreclosure, Plaintiff filed the Complaint alleging claims against the Association for "conversion and/or wrongful foreclosure."

26.     Plaintiff seeks numerous remedies against the Association, including recession, actual, special, and general damages, punitive damages, restitution, disgorgement of allegedly unlawful gains, and attorneys' fees and costs.

27.     A nonjudicial foreclosure of the Unit would never have been conducted but for Attorney's professional advice and recommendations to do so.

28.     A nonjudicial foreclosure of the Unit would never have been conducted but for Attorney's failures to properly advise and warn Association of the legal requirements under Hawaii law to conduct a nonjudicial foreclosure.

7

29.     A nonjudicial foreclosure of the Unit would never have been conducted but for Attorney's failure to advise or warn the Association of the risks that it could be sued and/or found liable to Plaintiff for doing so.

30.     Attorney failed to uphold the duties and obligations owed to the Association as its attorney.

31.     Attorney's negligent, reckless, and/or intentional failures with respect to the use of Part I non-judicial foreclosure were established as a matter of law by the Hawaii Supreme Court on June 17, 2020, putting the Association on notice and forcing the Association to file this action against Attorney.

<u>COUNT I</u>
(PROFESSIONAL NEGLIGENCE OR MALPRACTICE)

32.     The Association incorporates by reference all preceding allegations in this Cross-claim.

33.     The Association formed an attorney-client relationship with Attorney for a scope of services related to the Unit, the Delinquency, and potential remedies available to the Association to cure the Delinquency.

34.     Attorney owed contractual, professional, statutory, and common law duties to the Association to provide professional legal services that satisfied those standards.

35.     Attorney owed professional duties to the Association to, among other things, provide an assessment and/or warning with respect to whether the Association could lawfully conduct a nonjudicial foreclosure on the Unit under Hawaii law.

36.     Attorney breached its duties to the Association as described herein, including, but not limited to, Attorney's failure to properly warn the Association of the risks for conducting a nonjudicial foreclosure on the Unit, and by recommending that the Association conduct the nonjudicial foreclosure.

37.     A nonjudicial foreclosure on the Unit would not have been conducted but for Attorney's advice and recommendations.

38.     The Association would not have been sued by Plaintiff but for Attorney's advice and recommendations.

39.     As a result, Attorney is the direct and proximate cause of the Association's damages, which will be proven at trial.

<u>COUNT II</u>
(NEGLIGENT MISREPRESENTATION)

40.     The Association incorporates by reference all preceding allegations in this Cross-claim.

41.    Attorney represented and marketed itself to the Association as having professional expertise and experience with representing condominium associations collect unpaid dues such as the Delinquency.

42.    Attorney represented and marketed itself to the Association as having expertise and experience with nonjudicial foreclosures under Hawaii law.

43.    Attorney represented and marketed itself to the Association as being able to conduct all the necessary steps for lawful nonjudicial foreclosure of the Unit.

44.    Attorney owed duties of care to the Association, including the duty to provide truthful and accurate information to the Association during the course of these representations and marketing efforts.

45.    Attorney breached the duties it owned to the Association through the conduct described in this Cross-claim, including, but not limited to, Attorney's negligent failure to accurately describe its expertise, experience, or ability to lawfully conduct a nonjudicial foreclosure on the Unit.

46.    Attorney breached its duties to the Association by negligently failing to accurately describe the requirements under Hawaii law for conducting a nonjudicial.

47.     Attorney breached its duties to the Association by negligently conducting the nonjudicial foreclosure in a manner that was not lawful under Hawaii law.

48.     As described above, Attorney also owed duties to the Association as its client; Attorney breached these duties as well through the conduct described in this Cross-claim.

49.     As a direct, foreseeable, and proximate result of Attorney's negligence, the Association has suffered damages in an amount to be proven at trial.

<u>COUNT III</u>
(FRAUD)

50.     The Association incorporates by reference all preceding allegations in this Cross-claim.

51.     Attorney provided information to the Association that Attorney knew to be false, omitted to provide information that Attorney knew to be true and the omission was material, or Attorney provided information to the Association with reckless disregard for the truth or falsity of the information.

52.     Sometime prior to April 2011, during Attorney's marketing efforts to the Association, Attorney intentionally mislead or falsely represented to the Association information about Attorney's experience or qualifications, ability

to lawfully collect the Delinquency, and/or the availability or requirements of a nonjudicial foreclosure as a remedy under Hawaii law.

53.     The false or intentionally misleading information, or omission of information, that was conveyed during Attorney's marketing effort was provided through face-to-face conversations with Association board members, telephone conversations with board members, during board meetings with the Association, and through other writings and emails.

54.     Sometime in or around March or April 2011, after the Attorney was engaged by the Association, Attorney again provided information that was false or intentionally misleading, through either affirmative statements or by omission, with respect to the Attorney's ability to conduct a lawful non-judicial foreclosure on the Unit, the requirements for a lawful nonjudicial foreclosure, or the Association's potential liability that could arise from a nonjudicial foreclosure.

55.     The false or intentionally misleading information, or omission of information, that occurred sometime in or around March and April 2011 was conveyed through face-to-face conversations with Association board members, telephone conversations with board members, during board meetings with the Association, and in other writings and emails.

56.     The Association reasonably and justifiably relied upon
Attorney's misrepresentations in forming the attorney-client relationship with
Attorney, and engaging Attorney to assist in collection of the Delinquency.

57.     As a direct, foreseeable, and proximate result of Attorney's
fraudulent conduct, the Association has suffered damages in an amount to be
proven at trial.

<u>COUNT IV</u>
(UNFAIR AND DECEPTIVE ACTS AND PRACTICES)

58.     The Association incorporates by reference all preceding
allegations in this Cross-claim.

59.     Under HRS Chapter 480, unfair and deceptive acts and
practices are prohibited and may be brought by a consumer.

60.     Chapter 480 prohibits conduct that is unfair, offends established
public policy, or is immoral, unethical, oppressive, unscrupulous or substantially
injurious to consumers.

61.     Under Hawaii law, including HRS § 514B-104, the Association
is a "consumer" as that term is used in HRS Chapter 480.

62.     Attorney's conduct, as described in this Cross-claim, violated
Chapter 480, including, but not limited to, Attorney's failure to advise and warn
the Association of the risks of conducting a nonjudicial foreclosure, the lawful

13

requirements of conducting a nonjudicial foreclosure, and in recommending that the Association conduct a nonjudicial foreclosure on the Unit.

63.     As a result of Attorney's conduct that constitutes a violation of Chapter 480, the Association's property and its ability to manage the Project has suffered injury and damages.

64.     As a direct and proximate result of Attorney's unfair and deceptive acts and practices, the Association is entitled to recover treble damages, costs, and reasonable attorneys' fees.

## COUNT V
## (EQUITABLE INDEMNITY, SUBROGATION, AND CONTRIBUTION)

65.     The Association incorporates by reference all preceding allegations in this Cross-claim.

66.     Plaintiff alleges that the nonjudicial foreclosure of the Unit that resulted in the Association's ownership of the Unit did not comply with Hawaii law.

67.     Plaintiff alleges that as a result of the nonjudicial foreclosure, Plaintiff has suffered damages, and Plaintiff seeks monetary damages and equitable remedies from the Association.

876687.1

68.     However, the Association's only conduct was to hire and engage Attorney, who promised the Association that Attorney had experience and expertise in this field.

69.     Attorney recommended the course of action that resulted in the nonjudicial foreclosure as well as doing every act that resulted in the nonjudicial foreclosure, including, but not limited to, drafting and filing all documents related to the nonjudicial foreclosure, and administrating the public sale.

70.     Attorney knew, or should have known, that the Association would rely and act on Attorney's advice and recommendations.

71.     As described in this Cross-claim, the Association did rely on Attorney's advice and recommendations and the actions taken by the Association were in reliance on Attorney's professional advice and recommendations.

72.     The Association's wrongful actions, if any, are therefore secondary or passive to Attorney's actions, which are primary and active.

73.     Therefore, if the Association is found liable to Plaintiff, the Association's liability is secondary and passive, as opposed to Attorney's liability, which is primary and active, and therefore the Association is entitled to common law indemnification, subrogation, and/or contribution from the Attorney.

15

<u>COUNT VI</u>
(FEES AND COSTS PURSUANT TO <u>UYEMURA v. WICK</u>)

74.     The Association incorporates by reference all preceding allegations in this Cross-claim.

75.     As a result of the wrongful acts by Attorney, as described above, the Association incurred attorneys' fees and costs in this litigation that were the natural and necessary consequences of Attorney's conduct.

76.     Pursuant to <u>Uyemura v. Wick</u>, 551 P.2d 171, 176 (Haw. 1976), and its progeny, Attorney is liable to the Association for its attorneys' fees and costs in an amount to be proven at trial.

<u>COUNT VII</u>
(DECLARATORY RELIEF)

77.     The Association incorporates by reference all preceding allegations in this Cross-claim.

78.     In a related case, <u>Galima v. AOAO Palm Court, Civil No. 16-00023 LEK-KSC</u>, the United States District Court for the District of Hawaii determined that affirmative defenses based on the "Independent Contractor Rule" and the "Business Judgment Rule" are available to the Association under a similar set of factual allegations.

79.     Here, Attorney was an independent contractor because, among other reasons, Attorney provided professional legal services to the Association free

16

of control or direction by the Association, Attorney was free to conduct its work in its own way, Attorney's business typically provided these same types of legal services, Attorney provided the legal services to the Association in the normal course of Attorney's business, and Attorney conducted the nonjudicial foreclosure without interference from the Association.

80.    Similarly, the business judgment rule applies because, among other reasons, the Association sought Attorney's advice in good faith, the Association sought Attorney's advice with the care that an ordinarily prudent person in a like position would exercise under similar circumstances, and the Association sought Attorney's advice in a manner the Association believed was in its best interest.

81.    Therefore, the Association is entitled to the following declarations: (i) Attorney provided professional legal services to the Association free of control or direction by the Association, (ii) Attorney was free to conduct its work in its own way, (iii) Attorney's business typically provided these same types of legal services and Attorney provided the legal services to the Association in the normal course of Attorney's business, (iv) Attorney conducted the nonjudicial foreclosure without interference from the Association, and (v) Attorney was an independent contractor to the Association.

82.     The Association is also entitled to the following declarations: (i) the Association sought Attorney's advice in good faith, (ii) the Association sought Attorney's advice with the care that an ordinarily prudent person in a like position would exercise under similar circumstances, (iii) the Association sought Attorney's advice in a manner the Association believed was in its best interest, and (iv) the Association used "business judgment" and the business judgment rule applies.

WHEREFORE, the ASSOCIATION respectfully requests that judgment be entered in its favor and against the ATTORNEY as follows:

A.     For the Court to find in favor of the Association and against Attorney in each and every count in this Cross-claim;

B.     An award of damages be entered in favor of the Association and against the Attorney in an amount to be proven at trial;

C.     An award of treble damages be entered in favor of the Association and against the Attorney;

D.     An award of prejudgment interest and reasonable attorneys' fees and costs be entered in favor of the Association and against the Attorney;

E.     Declaratory relief;

F.      For such other and further relief as this Court deems just and

proper.

DATED:  Honolulu, Hawaii, July 21, 2020.

/s/ Grant Fasi Allison
DAVID R. MAJOR
GRANT FASI ALLISON

Attorneys for Defendant
ASSOCIATION OF APARTMENT
OWNERS OF PEARL RIDGE GARDENS
AND PEARL RIDGE TOWERS

19